■ MARILYN FRANK, Appellant, v ANIMAL HAVEN, INC., Respondent, et al., Defendants. [967 NYS2d 370]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered February 28, 2012, which, in this action for personal injuries sustained by plaintiff when she was bitten by a dog, granted the motion of defendant Animal Haven, Inc. (Animal Haven) to dismiss the complaint as against it, unanimously affirmed, without costs.

When defendant Skimbirauskas adopted the subject dog from Animal Haven, the parties signed a contract whereby Skimbirauskas agreed to assume a "lifetime commitment" for the responsible care of the dog. Although Animal Haven reserved the right to have the dog returned if Skimbirauskas breached the contract's provisions, the purpose of doing so was clearly to protect the well-being of the dog, not to reserve ownership. Indeed, the contract provides that Skimbirauskas explicitly "release[s] Animal Haven from all liability once the animal is in [his] possession," and "that the adoption of this pet is at [his] own risk and that the destruction of any personal or private property is [his] responsibility." Accordingly, dismissal of the complaint as against Animal Haven was proper since it was not

the dog's owner (*see* CPLR 3211 [a] [1]; *Leon v Martinez*, 84 NY2d 83, 88 [1994]; *see also* Administrative Code of City of NY § 17-802 [a] [" 'Adoption' means the delivery of a dog . . . deemed appropriate and suitable by an animal shelter to an individual . . . who has been approved to *own*, care and provide for the animal by the animal shelter" (emphasis added)]).

We have considered plaintiff's remaining arguments, and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels, Gische and Clark, JJ.